IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3092 |
| | ) | |
| v. | ) | |
| | ) | |
| JONAIR TYREECE MOORE, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

The defendant has filed a motion to transfer his criminal case to the United States District Court for the District of Colorado.  Filing 23.  The defendant states transfer is appropriate and in the interest of justice because  "he has resided in Denver, Colorado, for  seven (7) years," and "it would be more convenient for him to be tried in the United States District Court closest to his residence." Filing No. 23, at CM/ECF p. 1.   The government opposes transfer.  See filing no. 26.  For the reasons discussed below, defendant's motion will be denied.

The grand jury's indictment charges the defendant with knowingly and intentionally conspiring to distribute and possess with the intent to distribute cocaine from June 1, 2005 through March 31, 2007, "in the District of Nebraska and elsewhere."  The government's brief acknowledges that although the alleged conspiracy occurred in Nebraska, it also involved "the receipt/distribution of cocaine and crack cocaine from areas that include Colorado," and therefore the charges could have been filed and could be transferred for prosecution to the Colorado federal court. 18 U.S.C.A. § 3237(a) ([A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.").

Therefore, the question is whether transfer is appropriate under Rule 21(b) of the Federal Rules of Criminal Procedure.  Rule 21(b) states:

> Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice.

Fed. R. Crim. P. 21(b).

As set forth in Platt v. Minnesota Min. & Mfg. Co., 376 U.S. 240 (1964), the following factors are considered when determining whether transfer is warranted under Rule 21(b):

(1) location of the defendant;

(2) location of possible witnesses;

(3) location of events likely to be in issue;

(4) location of documents and records likely to be involved;

(5) disruption of defendant's business unless the case is transferred;

(6) expense to the parties;

(7) location of counsel;

(8) relative accessibility of place of trial;

(9) docket condition of each district or division involved; and

(10) any other special elements which might affect the transfer.

Platt, 376 U.S. at 243-244.

-2-

Although the defendant is a resident of Colorado, he is currently released to the custody of his sister in Lincoln, Nebraska. Filing No. 20. The defendant's appointed counsel, John Velasquez, is from Omaha, Nebraska. The defendant has not explained how facing prosecution in Lincoln, Nebraska will more significantly impact his business as a "rapper" compared to prosecution in Denver, Colorado. Irrespective of the trial location, it is unlikely the defendant would be allowed to travel extensively throughout the United States, as is required for his employment as a rapper, pending the trial of this case. The defendant has two five-year-old sons living in Colorado, but he has extensive family ties in Nebraska, including a sister and both parents in Lincoln, Nebraska, a daughter in Omaha, Nebraska, and several half-siblings in Nebraska. Under the totality of these facts, if is difficult to envision how retaining this case in Nebraska will cause the defendant to lose more income, or incur higher litigation or living expenses as compared to preparing for or awaiting trial in Colorado. See filing no. 9.

In contrast, as explained in the government's brief, the events which led to the defendant's arrest occurred predominantly in Lincoln, Nebraska, and the investigative reports are located in Nebraska. The government's case agents, investigators, and the majority of its cooperating witnesses are in Nebraska. Accordingly transferring the case to a Colorado forum will require witnesses to travel, thereby increasing the government's litigation expenses and the inconvenience imposed on those called to testify at trial.

Although not mentioned by either party, if this case is transferred to Colorado, both the government and the defendant will need new counsel. Discovery between the government's Nebraska counsel and the defendant's attorney has occurred; specifically, on August 31, 2009, the government served Rule 16 disclosures on defendant's Nebraska counsel. Filing No. 22. If this case is transferred to Colorado, the new attorneys assigned and appointed will need to first familiarize themselves with facts already known by the Nebraska attorneys, and then they can begin to

prepare for filing pretrial motions or for trial.  Under such circumstances, a transfer to Colorado would likely delay the disposition of this case.

Although the District of Nebraska's criminal case load is higher than the District of Colorado's, the median time interval between filing and disposition is comparable between the districts; specifically, 7.6 months for the District of Colorado and 7.8 months for the District of Nebraska.  James C. Duff, Administrative Offices of the U.S. Courts, *Judicial Business of the United States Courts: 2008 Annual Report of the Director*, at Table D-6.  Transferring this case to a  Colorado federal forum will have no appreciable beneficial effect on this court's caseload or the prompt resolution of this case.

Upon consideration of the parties' arguments and the court filings of record, the court finds the United States District Court for the District of Colorado is not a more convenient forum for litigating this case, and transferring this case to the Colorado federal forum will not serve the interests of justice.  See e.g., U.S. v. Perry, 152 F.3d 900, 904 (8th Cir. 1998) (holding the court exercised sound discretion by denying transfer where the government's chief witnesses, most of the victims, and the relevant records were located in Nebraska; most of the investigative work was done in Nebraska; and a portion of the acts at issue occurred in Nebraska); U.S. v. Bittner, 728 F.2d 1038, 1041 (8th Cir. 1984) (holding that although the defendant lived in Illinois, he was not entitled to trial in Illinois where the defendant's alleged sexual acts occurred in Iowa, the defendant was arrested and in custody in Iowa, the majority of the witnesses resided in Iowa, the defendant obtained counsel in Iowa, and the court docket in the Southern District of Iowa was lighter than the docket in the Northern District of Illinois).  Accordingly,

IT IS ORDERED:

1)      The defendant's motion to transfer, (filing no. 23), is denied.

2)      This case remains set for trial before the Honorable Warren K. Urbom on November 2, 2009, commencing at 9:00 a.m. in Courtroom 4, Federal Building, 100 Centennial Mall North, Lincoln, Nebraska.

DATED this 28th day of September, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge