IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3092 |
| | ) | |
| v. | ) | |
| | ) | |
| JONAIR TYREECE MOORE, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S PETITIONFOR |
| Defendant. | ) | EVIDENCE PRESENTED TO THE |
| | ) | GRAND JURY |

      A single-count indictment filed on July 22, 2009, charged the defendant, Jonair Tyreece Moore, with conspiring to distribute and to possess with the intent to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846. (See filing 1.) The defendant entered a plea of not guilty, (see filing 10), and he was convicted of the charge at the conclusion of a jury trial, (see filings 72, 75-76). On April 29, 2010, I sentenced the defendant to 292 months of imprisonment and five years of supervised release with special conditions, and I ordered him to pay a $100 special assessment. (See filings 128, 132.) On that same date, the defendant filed a notice of appeal. (See filing 134.) His appeal remains pending at this time.

      On August 20, 2010, the defendant, through counsel, filed a "Petition for Evidence Presented to the Grand Jury." (Filing 153.) The defendant asks that I order disclosure of the evidence presented to the grand jury pursuant to Federal Rule of Civil Procedure 6(e)(3)(E)(i)-(ii), because "there is reason to believe that valid grounds may exist to dismiss the indictment." (See id.)

      As the government correctly notes in its objection to the defendant's petition, (see filing 154), this court has no jurisdiction over the petition. "Generally, an appeal to the circuit court divests the district court of jurisdiction as to those issues involved in the appeal." In re Grand Jury Subpoenas Duces Tecum, 85 F.3d 372, 375 (8th Cir. 1996) (citation omitted). The defendant has not argued that his petition concerns issues that are not involved in the appeal, nor has he shown that an exception to "the general rule of jurisdictional divestiture" is applicable. See, e.g., id. Accordingly, I find that jurisdiction over the defendant's petition is lacking.

Furthermore, I agree with the government's observation that the defendant's petition does not "contain a 'showing of particularized need for grand jury materials.'" United States v. McDougal, 559 F.3d 837, 841 (8th Cir. 2009). Disclosure is not appropriate in the absence of such a showing, see id., and the defendant's "bare allegation" that "there is reason to believe that valid grounds may exist to dismiss the indictment" is insufficient, see United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994).

**IT IS ORDERED** that the defendant's "Petition for Evidence Presented to the Grand Jury," filing 153, is dismissed, and the government's "Objection to Petition," filing 154, is sustained.

Dated September 20, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge