IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:09CR3092 |
| vs. | |
| JONAIR TYREECE MOORE, a/k/a HIGHC, a/k/a SPADE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the *pro se* motion to amend (filing 174) and notice of appeal (filing 175) filed by Jonair Moore. For the reasons discussed below, the Court finds that Moore's motion to amend should be denied and that a certificate of appealability should not be issued.

## I. BACKGROUND

The Court previously denied Moore's motion to vacate under 28 U.S.C. § 2255 (filing 171) in an order dated July 25, 2012 (filing 172). Thereafter, on August 24, the Court received Moore's motion to amend his § 2255 motion. Filing 174. Moore seeks permission under Fed. R. Civ. P. 15 to add two new claims for relief to his § 2255 motion.

Moore's motion to amend was not filed until a month after the Court denied his § 2255 motion. Moore attested under penalty of perjury (*see* 28 U.S.C. § 1746) that he mailed the motion to amend to the Clerk of the Court on July 18, 2012. Filing 174 at 4. The envelope that the motion arrived in was stamped by the United States Postal Service in El Paso, Texas on August 21. Filing 174 at 9. Why it took over a month to reach the postal service is not clear.[1] But the Court will treat the motion as if it were filed prior to the Court's order denying Moore's initial § 2255 motion. Even if the motion had been timely filed, the Court would deny Moore's new claims on their merits.

---

[1] There is no allegation (or evidence) that the correctional facility was responsible for the delay. Moore's § 2255 motion was signed May 7, 2012, and stamped by the postal service in El Paso on May 9, a mere 2 days later. Filing 171 at 6–7. And Moore's notice of appeal was signed on August 23 and stamped in El Paso on August 24. Filing 175 at 2–3.

## II. ANALYSIS

### 1. Motion to Amend

Moore presents two new arguments, both without merit. First, he claims that his appointed counsel failed to assist him in filing a petition for a writ of certiorari to the United States Supreme Court. And, he asserts, had the petition been filed, there was "a great chance" the Supreme Court would have reversed the Court of Appeals for the Eighth Circuit and remanded the case. Filing 174 at 3. Moore argues that this constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

The problem with Moore's argument is that a criminal defendant has no constitutional right to counsel in pursuing a petition for a writ of certiorari. *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008) (citing *Ross v. Moffitt*, 417 U.S. 600, 617 (1974)); *see also Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) (the right to appointed counsel extends only to the first appeal of right). And where there is no right to counsel, there can be no deprivation of the right to effective assistance of counsel. *Steele*, 518 F.3d at 988.

Moore next argues that his trial counsel was ineffective because he "never discussed any type of plea" with him. Filing 174 at 3. Had his counsel done so, Moore claims, "there is a great chance he would have accepted one." Filing 174 at 3. Moore's bare assertion that he would have pled guilty, without more, will not suffice. Therefore, the Court will deny Moore's claim without an evidentiary hearing.

To establish a claim of ineffective assistance of counsel, Moore must show that his attorney's performance was deficient and that he thereby suffered prejudice, i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694. This case fails under the prejudice prong. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

When the defendant claims that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show prejudice, the defendant must show that, but for his counsel's advice, he would have accepted the plea. *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003). A § 2255 motion can be dismissed without a hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Id.* So, Moore must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised. *Id.*

Moore has presented no such evidence. His conclusory statements, even taken at face value, are too lacking in specifics to show prejudice. *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). He has stated only that, had he been properly advised, "there is a great chance he would have accepted" a plea agreement. Filing 174 at 3. But he has not alleged, nor pointed to anything in the record to show that the government had offered a plea agreement. Nor has he provided the Court with any reason to believe that any plea agreement would have resulted in a significantly lower sentence. Moore was sentenced at the low end of the Guidelines range. *See* filing 132; filing 133 at 1. And Moore has not shown that he would have been willing to enter into a cooperation agreement with the government that would have further lowered his sentence.

After-the-fact claims that a defendant would have been willing to plead guilty are to be treated skeptically when the defendant has maintained his innocence throughout his criminal prosecution and shown no sign he would have admitted guilt. *Sanders*, 341 F.3d at 723. At trial, Moore testified that the witnesses were lying, that he had not met most of them, and that he was never involved in the distribution of crack or cocaine. *See, e.g.*, filing 90 at 940–54, 959–73. At sentencing, Moore continued to maintain his innocence. Filing at 146 at 68. And in his direct appeal and § 2255 motion, Moore alleged that his conviction was the result of a government conspiracy against him. Filing 156 at 4; filing 171 at 4. Moore's about-face assertion that he would have pled guilty is simply not credible at this stage of the proceedings, and his claim will be denied.

### 2. Certificate of Appeal

Moore appeals from the Court's order denying his § 2255 motion (filing 172). Before his appeal may proceed, Moore must obtain a certificate of appealability. 28 U.S.C. § 2253(c). A certificate may issue only if the petitioner has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or [district court] judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> . . . .
>
> (B) the final order in a proceeding under section 2255.

- 3 -

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

§ 2253(c).

A "substantial showing of the denial of a constitutional right" requires Moore to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered at length the issues raised in Moore's § 2255 motion and his motion to amend. For the reasons set forth in the Court's previous order (filing 172) and this order, the Court concludes that Moore has not made the substantial showing required by § 2253(c). Accordingly,

IT IS ORDERED:

1.  Moore's motion to amend (filing 174) is denied;

2.  A certificate of appealability shall not issue;

3.  Moore may proceed on appeal *in forma pauperis*; and

4.  The Clerk of the Court shall provide a copy of this order to the Eighth Circuit Court of Appeals, and shall mail a copy of this order to Moore at his last known address.

Dated this 4th day of October, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge

- 4 -