IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:09-CR-3092 |
| vs. | MEMORANDUM AND ORDER |
| JONAIR TYREECE MOORE, | |
| Defendant. | |

This matter is before the Court on Jonair Moore's motion (filing 204) for a sentence reduction pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which gives retroactive effect to §§ 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The government opposes the motion, asserting that Moore is not statutorily eligible for a First Step Act reduction. *See* filing 206.

As explained below, the Court disagrees with the government: Moore is eligible for a reduction under the plain language of the First Step Act. But the Court finds that a reduction is unwarranted. Accordingly, the Court will deny Moore's motion for a sentence reduction.

FACTUAL BACKGROUND

Moore was indicted in 2009 and charged with conspiring, between June 1, 2005 and March 31, 2007, to distribute and possess with intent to distribute 50 grams or more of cocaine base, *i.e.* "crack" cocaine.[1] Filing 1. That charge

---

[1] The Court recognizes that the term "cocaine base" means not just "crack cocaine," but any cocaine in its chemically basic form. *DePierre v. United States*, 564 U.S. 70, 89 (2011). But crack cocaine is the form of cocaine base at issue in this case.

subjected him to a minimum sentence of 10 years imprisonment and a maximum sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2006 & Supp. III 2009). He was convicted pursuant to jury verdict. Filing 75.

The Court found that Moore was responsible for 11.1 kg of cocaine and 1.2 kg of crack cocaine. Filing 146 at 60. Accordingly, the Court found a base offense level of 34 and (after two enhancements that are not relevant to the present motion) a total offense level of 38. Combined with a criminal history category III, the Court found the Guidelines range to be 292 to 365 months' imprisonment. Filing 133 at 1; filing 146 at 61-62. The Court sentenced Moore to 292 months' imprisonment. Filing 132 at 1; filing 146 at 70. The Eighth Circuit affirmed. *United States v. Moore,* 639 F.3d 443 (8th Cir. 2011).

In 2012, Moore moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. app. C, amend. 750. *See* app. C, amend. 750, cmt. reason for amendment. But the Court denied his motion, finding that based on the drug quantities attributable to Moore, his Guidelines range had not changed. Filing 169. Moore had more success, however, with U.S.S.G. app C., amend. 782, which reduced his total offense level to 36 and his Guidelines range to 235-293 months' imprisonment. Filing 193. The Court reduced Moore's sentence to 235 months' imprisonment. Filing 197.

When the First Step Act was passed, the Court identified Moore's case as potentially implicated, and appointed counsel to represent him with respect to First Step Act relief. Filing 200; filing 201. This motion followed.

## STATUTORY BACKGROUND

As noted above, at the time of Moore's offense and sentencing, § 841(b)(1)(A)(iii) required a term of imprisonment from 10 years to life for an offense involving more than 50 grams of crack cocaine. The statutory provisions changed in 2010 with §§ 2 and 3 of the Fair Sentencing Act,

pursuant to which § 841(b)(1)(A)(iii) now requires that a defendant be found responsible for 280 grams of cocaine base to be subject to a mandatory minimum sentence of 10 years or maximum of life imprisonment. A defendant responsible for only 50 grams of cocaine base—or any amount between 28 and 280 grams—is now subject to a sentence of 5 to 40 years' imprisonment. § 841(b)(1)(B)(iii).

The Fair Sentencing Act did not apply retroactively to defendants who had been sentenced before its effective date. *United States v. Reeves*, 717 F.3d 647, 651 (8th Cir. 2013). But that changed with the First Step Act, § 404(b) of which provides that for a "covered offense," the sentencing court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." (Citation omitted.) A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." § 404(a) (citation omitted). And a sentence reduction under the First Step Act is completely discretionary, even for an eligible defendant: § 404(c) provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

## DISCUSSION

The parties disagree about whether Moore deserves a sentence reduction under the First Step Act—but more importantly, they disagree about whether Moore is even eligible for a First Step Act reduction in the first place. The government argues he is not, because according to the government, Moore did not commit a "covered offense" within the meaning of § 404(a). And, the government argues, Moore is not entitled to a sentence reduction under §

404(b) because—based on the drug weight found by the Court at sentencing—Moore's statutory sentencing range would not have changed.

## COVERED OFFENSE

First, the government argues that determining whether Moore was convicted of a "covered offense" requires the Court to consider the specific amount of cocaine base for which Moore was held responsible at sentencing. Filing 206 at 3. The government explains:

> Eligibility does not turn simply on whether the applicable statute has changed. The key is whether the "violation of a Federal statute" that a defendant actually "committed" would have a different statutory penalty under the higher crack quantity thresholds of the 2010 [Fair Sentencing Act]. Where a defendant would face the same statutory penalty, the violation does not qualify as a "covered offense." A defendant is ineligible for relief, therefore, where the quantity of crack involved in the violation would result in the same statutory penalty under the threshold quantities set by the 2010 FSA.

Filing 206 at 3-4. In effect, the government's argument is that "a violation of a Federal criminal statute" in § 404(a) refers to a particular defendant's violation of the statute, not a generic violation of the statute. But the Court cannot reconcile that interpretation of § 404(a) with its remaining language: the statutory penalties for Moore's particular offense were not and *could not have been* "modified by section 2 or 3 of the Fair Sentencing Act of 2010" because Moore was sentenced before the Fair Sentencing Act was enacted, and it wasn't made retroactive.

If "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" referred only to a particular defendant's crime, then only defendants sentenced *after* the Fair Sentencing Act's effective date would have committed "covered offenses", because the Fair Sentencing Act didn't modify the statutory penalties for any defendants sentenced before its effective date. That's obviously not what the First Step Act intends. Instead, the only fair reading of § 404(a) is that a defendant committed a "covered offense" when the defendant was convicted of violating a statute, and the statutory penalties for violating that statute were subsequently modified by the Fair Sentencing Act. In other words, whether an offense is "covered" depends on the offense itself, not the defendant's underlying conduct. So, it applies to Moore, who was convicted of a "covered offense."

PLENARY RESENTENCING

Next, the government argues that § 404(b) authorizes only a limited sentence reduction, not a plenary resentencing. Filing 206 at 6. The government relies on the "analogous circumstances" of 18 U.S.C. § 3582(c)(2), which permits a sentence reduction when a Guidelines amendment has the effect of lowering a sentencing range, but which does not authorize plenary resentencing. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). The Court agrees that "plenary resentencing" isn't authorized—but doesn't agree with the narrowly circumscribed alternative proffered by the government.

The comparison to § 3582(c)(2) doesn't prove what the government claims it does, because what § 3582(c)(2) illustrates is that Congress knows how to limit the Court's authority, when it wants to. As the Supreme Court explained, in concluding that § 3582(c)(2) does not authorize plenary resentencing, § 3582(c)(2) requires the Court to consider the binding policy

statements of the sentencing commission before applying the 18 U.S.C. § 3553(a) factors. *Dillon,* 560 U.S. at 826.

>    Following this two-step approach, a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. . . .
>    Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).
>    At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed

inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

*Dillon*, 560 U.S. at 827.

Nothing in § 404 cabins the Court's discretion in the manner reflected in § 3582(c)(2) and relied upon by the Supreme Court in *Dillon*. In that regard, the government relies upon the language in § 404(b) that permits the Court to impose a reduced sentence as if the Fair Sentencing Act had been "in effect at the time the covered offense was committed." That, the government suggests, circumscribes the Court's discretion to circumstances in which the Fair Sentencing Act might have made a difference—that is, cases in which the defendant "stand[s] to benefit from the threshold quantity changes" made by the Fair Sentencing Act. *See* filing 206 at 7. Fair enough—but that range of cases is far broader than the government seems to believe.

It's again helpful to contrast the Fair Sentencing Act and First Step Act with § 3582(c)(2). When the Sentencing Guidelines were mandatory—and § 3582(c)(2) was part of the mandatory Guidelines regime—every federal sentence was based on the Guidelines, so it was easy to determine how any retroactive change to the Guidelines affected a particular defendant. Even after *United States v. Booker*, a sentencing court is required to start by determining the Guidelines range, even if that range is not binding. 543 U.S. 220, 245 (2005). And a sentencing judge must explain any deviation from the Guidelines range. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009); *see also* 18 U.S.C. § 3553(c). So, it's still possible to determine how the sentencing court's calculation of the Guidelines range affected the sentence. In sum, because the effect of the Guidelines range on a sentence is easier to detect, it's also easier to draw lines on that basis.

Statutory minimum and maximum sentences present more of a challenge. If a defendant, for instance, faces a mandatory minimum sentence of 5 years, and is sentenced to 6 years' imprisonment, does that mean that the mandatory minimum was irrelevant to the sentencing court? Or, perhaps the minimum and maximum terms set "floors" and "ceilings" for certain kinds of offense conduct, providing points of reference for a sentencing judge who is concerned (as is required) with "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* § 3553(a)(6); *cf. Alleyne v. United States*, 570 U.S. 99, 115-16 (2013). If so, then a change to the range of allowable sentences for a particular defendant must, to be given retroactive effect, at least permit the sentencing court to consider whether the defendant might have been sentenced differently had the statutory range been different.

None of that is to say that a defendant sentenced within the statutory range *must* or even *should* receive a reduced sentence. It is simply to say that in order to give effect to § 404(b)'s authorization of a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," the Court must consider how the defendant might have been sentenced within a different statutory range, even if the existing sentence would also fall within the revised statutory range.

That said, the Court agrees with the government to a point: § 404(b) does not authorize a "plenary resentencing" to the extent that the Court may revisit issues considered by the sentencing judge *other* than the statutory range. The First Step Act must be read in harmony with § 3582(c)(1)(B), which provides that "[t]he court may not modify a term of imprisonment once it has been imposed except . . . that the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute. . . ." In

other words, § 3582(c)(1)(B) authorizes the Court to modify a term of imprisonment as permitted by statute, and § 404(b) permits it. Read together, those sections are clear that what the Court may do is modify an existing term of imprisonment, based on retroactive application of the revised drug quantity thresholds set by the Fair Sentencing Act. But that's all they permit—so, for instance, in this case, the adjustments to the offense level resulting from use of a firearm and obstruction of justice are not in play. Only the changes wrought by the Fair Sentencing Act are at issue. *See United States v. Hegwood*, No. 19-40117, slip op. at 7 (5th Cir. Aug. 8, 2019).

### DRUG QUANTITY DETERMINATION

Of course, there is one objective fact that's key to understanding whether a defendant's sentencing range would have been different under the Fair Sentencing Act—the drug quantity attributable to the defendant. But which quantity? The government urges the Court to rely on the amount found by the Court at sentencing—which, in Moore's case, would still easily clear the amounts increased by the Fair Sentencing Act.

But that runs contrary to the Supreme Court's decision in *Alleyne*, in which the Supreme Court held that the Sixth Amendment requires any fact altering the prescribed range of sentences to which a criminal defendant is exposed to be found by the jury—including facts that establish statutory minimum and maximum sentences. 570 U.S. at 115-16.[2] And here, the only jury finding the Court has is that Moore was responsible for 50 grams of cocaine base—well below the 280-gram top rung of the Fair Sentencing Act.

---

[2] Or, alternatively, established by guilty plea. *See United States v. Leanos*, 827 F.3d 1167, 1169 (8th Cir. 2016)

- 9 -

The government argues that *Alleyne* shouldn't apply: that case was not decided until after the Fair Sentencing Act was enacted, and doesn't apply retroactively on collateral review. *See Walker v. United States*, 810 F.3d 568, 575 (8th Cir. 2016). And, the government points out, the reason that Moore and other defendants were only found responsible for 50 grams or more of cocaine base is because, before the Fair Sentencing Act, the government was only required to allege and prove that much. Filing 206 at 5.

Some courts have held that applying *Alleyne* in this context is inappropriate, for the reasons articulated by the government. *See United States v. White*, No. 93-CR-97, 2019 WL 3719006, at *20-24 (D.D.C. Aug. 6, 2019); *United States v. Banuelos*, No. 02-CR-084, 2019 WL 2191788, at *3 (D.N.M. May 21, 2019); *United States v. Glover*, 377 F. Supp. 3d 1346, 1356 (S.D. Fla. 2019); *see also United States v. Blocker*, 378 F. Supp. 3d 1125, 1130 (N.D. Fla. 2019). But the far greater weight of authority holds that a judge's sentencing findings, made only by a preponderance of the evidence, cannot be used to establish the statutory range for purposes of the First Step Act. *See United States v. Johnson*, No. 06-CR-4031, 2019 WL 3938472, at *9 (N.D. Iowa Aug. 20, 2019); *United States v. Billups*, No. CR 3:00-CR-59, 2019 WL 3884020, at *2 (S.D. W.Va. Aug. 15, 2019); *United States v. Terrell*, No. 2:09-CR-31, 2019 WL 3431449, at *3 (E.D. Tenn. July 29, 2019); *United States v. Thompson*, No. 3:07-CR-30034, 2019 WL 3308334, at *5-6 (W.D. La. July 23, 2019); *United States v. Opher*, No. 00-CR-323, 2019 WL 3297201, at *14 (D.N.J. July 23, 2019); *United States v. Springs*, No. 3:05-CR-42, 2019 WL 3310092, at *2 (W.D.N.C. July 23, 2019); *United States v. White*, No. 99-CR-628, 2019 WL 3228335, at *5 (S.D. Tex. July 17, 2019); *Wright v. United States*, No. 4:95-CR-39, 2019 WL 3046096, at *6 (E.D. Va. July 11, 2019); *United States v. Lutcher*, No. 03-CR-338, 2019 WL 3006414, at *4 (E.D. La. July 10, 2019); *United States*

*v. Valentine*, No. 1:99-CR-01, 2019 WL 2754489, at *5 (W.D. Mich. July 2, 2019); *United States v. Zamora*, No. 05-CR-39, 2019 WL 2883818, at *3 (W.D. Wis. June 25, 2019); *United States v. Johnson*, No. 01-CR-543, 2019 WL 2590951, at *3 (N.D. Ill. June 24, 2019); *United States v. Stone*, No. 1:96-CR-403, 2019 WL 2475750, at *2 (N.D. Ohio June 13, 2019); *United States v. Smith*, 379 F. Supp. 3d 543, 546-47 (W.D. Va. 2019); *United States v. Brown*, No. 07-CR-3541, 2019 WL 1895090, at *2-3 (D. Minn. Apr. 29, 2019); *United States v. Allen*, 384 F. Supp. 3d 238 (D. Conn. 2019); *United States v. Rose*, 379 F. Supp. 3d 223, 230-31 (S.D.N.Y. 2019); *United States v. Simons*, 375 F. Supp. 3d 379, 387 (E.D.N.Y. 2019); *United States v. Dodd*, 372 F. Supp. 3d 795, 797-98 (S.D. Iowa 2019); *United States v. Glore*, 371 F. Supp. 3d 524, 532 (E.D. Wis. 2019); *United States v. Davis*, No. 07-CR-245, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019); *cf. United States v. Patterson*, No. 1:06-CR-251, 2019 WL 3072705, at *3 (W.D.N.C. July 12, 2019). The Court finds the majority view more persuasive.

Moore's case is a good illustration of the problem: he was convicted of a dry conspiracy, based on the testimony of cooperating witnesses. The jury was persuaded of Moore's guilt, and that at least 50 grams of cocaine base were involved in the conspiracy. Filing 75. But there is no way to know whether that jury would have found that the government had proved a greater quantity beyond a reasonable doubt. And there are other potential cases that pose an even more difficult quandary: when the threshold for mandatory minimum sentences were as low as 5 or 50 grams of cocaine base, it was not at all difficult for a defendant to be facing a Guidelines range well below the mandatory minimum. At that point, the actual drug quantity attributable to the defendant for Guidelines purposes made little difference, and may not have been worth contesting—and, "[t]o preclude defendants from seeking relief on the basis of

facts that may have had little significance at the time they were determined would be draconian and contrary to the remedial purpose of the First Step Act." *Rose,* 379 F. Supp. 3d at 229-30.

To be clear: none of that means that the drug quantity for which Moore (or any other defendant) was found responsible at sentencing is irrelevant. It's highly relevant to determining whether relief under the First Step Act is warranted. What it does not do, however, is stand as an impediment to relief, when the *statutory* sentencing range the defendant faced would have been different under the Fair Sentencing Act, based on the facts established by the defendant's conviction.[3] And Moore clears that bar.

### SENTENCING PROCEDURE

Having concluded that Moore is eligible for a sentence reduction under the First Step Act, the Court must decide whether he should receive one—and, concomitantly, what procedures should be employed in making that decision. Here, the Court parts ways with Moore: he argues that "[t]he court is free to impose whatever sentence is appropriate within the statutory limits of the Fair Sentencing Act." Filing 205 at 7. So, he says, "[t]o determine that sentence, both Moore and the government should be allowed to present arguments that go beyond the sentencing range to address the factors of 18 U.S.C. § 3553(a).

---

[3] It's important to note, however, that in this case, Moore was convicted by jury verdict, and never admitted to anything—so, this case does not involve a stipulation as to drug quantity, in a plea agreement or anyplace else. The Court expresses no opinion on whether a defendant can or should be afforded relief under the First Step Act when such a stipulation is present. *E.g. Patterson,* 2019 WL 3072705, at \*3; *United States v. Howard,* No. 8:06-cr-384, slip op. at 2-3 (D. Neb. Jun. 28, 2019).

Absent a waiver, Moore should be present at the resentencing hearing." Filing 205 at 7. The Court disagrees.

As explained above, the Court does not understand § 404(b) as authorizing the Court to revisit issues beyond the retroactive effect of the Fair Sentencing Act. *See Hegwood*, slip op. at 7. Moreover, § 404(c) is quite clear that nothing in § 404 "shall be construed to require a court to reduce any sentence pursuant to this section." In other words, under § 404, a defendant—even if eligible for a sentence reduction—isn't *entitled* to anything. And the Court's apparently unfettered discretion to *deny* relief implies the discretion to *condition* any relief it does afford.

Furthermore, as the Court has explained above, § 404(b) is best read in conjunction with § 3582(c)(1)(B), which authorizes the Court to modify a term of imprisonment as expressly permitted by § 404(b). And Fed. R. Crim. P. 43 is quite clear that while the defendant has a right to be present at sentencing, a defendant "need not be present" when "[t]he proceeding involves the correction or reduction of sentence under [Fed. R. Crim. P.] 35 or 18 U.S.C. § 3582(c)." Rule 43(b)(4).

But in this case, although Moore is eligible for a sentence reduction, the Court—in the exercise of its discretion under § 404(c)—finds that a reduction is unwarranted. There are several facts that lead the Court to that conclusion, beginning with the considerable quantity of drugs attributable to Moore: approximately 11 kg of cocaine and 1.2 kg of cocaine base. Filing 146 at 60. Moreover, the Court accepts Judge Urbom's conclusion, after presiding over the trial and sentencing, that Moore obstructed justice by perjuring himself at trial. Filing 146 at 43-44. And the Court accepts Judge Urbom's finding that the witnesses who reported Moore's use of a firearm in furtherance of drug trafficking were credible. Filing 146 at 54.

Those are facts that, even in a plenary resentencing, would compel a lengthy sentence. *See* § 3553(a). With those in mind, the Court concludes that even considering the changes made by the Fair Sentencing Act, Moore's present sentence of 235 months' imprisonment is entirely appropriate. Accordingly,

    IT IS ORDERED that Moore's motion for a sentence reduction ([filing 204](#)) is denied.

    Dated this 22nd day of August, 2019.

                                  BY THE COURT:

                                  John M. Gerrard
                                  Chief United States District Judge