IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:09-CR-3092 |
| vs. | |
| JONAIR TYREECE MOORE, | ORDER |
| Defendant. | |

    This matter is before the Court on three motions filed by the defendant: A motion to appoint counsel (filing 224), a motion to reduce sentence (filing 225), and a motion for early termination of supervised release (filing 227). The Court will deny all three motions.

    The defendant's motion to appoint counsel and motion to reduce sentence are related, and are premised on the defendant's request for resentencing pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Court has rejected the defendant's request for relief under the First Step Act before. *United States v. Moore*, 412 F. Supp. 3d 1111, 1119 (D. Neb. 2019), *aff'd,* 963 F.3d 725 (8th Cir. 2020). The defendant says the Court should reconsider because it can now consider intervening changes of law or fact, pursuant to *Concepcion v. United States*, 597 U.S. 481, 500 (2022).

    But the only changed circumstance the defendant points to is the fact that the judge, not the jury, found him responsible for approximately 11 kg of cocaine and 1.2 kg of cocaine base. *See* filing 225 at 2-3. So, he asks the Court to resentence him based on the 50 grams of cocaine base actually found by the jury. Filing 225 at 3. That fact was considered by the Court last time—and the Court elected to credit Judge Urbom's conclusion regarding drug weight, finding that the evidence "even in a plenary resentencing, would compel a lengthy sentence." *Moore,* 412 F. Supp. 3d at 1119. So, the Court concluded

that the defendant's sentence was entirely appropriate. *Id*. Nothing the defendant has offered now changes the Court's conclusion.

The defendant has also moved for early termination of his supervised release. That motion seems to be premature. Records from the Bureau of Prisons indicates that the defendant is officially assigned to a residential reentry center, and records from U.S. Probation and Pretrial Services indicate that the defendant hasn't begun to serve his term of supervised release yet. As a matter of discretion, the Court generally doesn't grant such motions without a significant period of good behavior on release. But the Court doesn't even have *authority* to terminate supervised release until the defendant has served at least a year. 18 U.S.C. § 3583(e)(1); *see United States v. Lester*, 92 F.4th 740, 742-43 (8th Cir. 2024). Accordingly, the defendant's motion will be denied.

IT IS ORDERED:

1. The defendant's motion to appoint counsel (filing 224) is denied.

2. The defendant's motion to reduce sentence (filing 225) is denied.

3. The defendant's motion for early termination of supervised release (filing 227) is denied.

Dated this 12th day of March, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 2 -